<u>**UNPUBLISHED**</u>

**UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

———————

**No. 00-6682**

———————

ISAIAH HARLEY,

                                        Plaintiff - Appellant,

        and

RONALD G. BAILEY-EL; DARRELL BURRELL; VERNON
RAY; RILEY FULLER; GERRY GOUGH; EDWARD RICH;
ANDRE ADDISON; ISAAC WRIGHT; JOSEPH B; LEON
BAKER; ROBERTO P. SOLN; ANTONIO BARNETT; EL
HAMANI, Chief; JANAAL HICKS; DARRELL FORD;
KEITH ALLEN; KEMPER JENKINS; CESAR WILLIAMS
GARCIA; RONALD HAMILTON,

                                        Plaintiffs,

        versus

WARDEN CORCORAN; JAMES SMITH, Security Chief,
Maryland Correctional Adjustment Center
(Supermax),

                                        Defendants - Appellees.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CA-
00-699-S)

———————

Submitted: July 13, 2000            Decided: July 25, 2000

———————

Before WIDENER, LUTTIG, and TRAXLER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Isaiah Harley, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Isaiah Harley seeks to appeal the district court's order dismissing without prejudice a complaint filed by twenty state pretrial detainees. We dismiss the appeal for lack of jurisdiction because Harley's notice of appeal was not timely filed.

Parties are accorded thirty days after entry of the district court's final judgment or order to note an appeal, see Fed. R. App. P. 4(a)(1), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on March 22, 2000. Harley's notice of appeal was filed on April 25, 2000.[*] Because Harley failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We deny Harley's motions for production of documents and for attorney's fees. We also deny his request for mandamus relief. We dispense with oral argument because the facts and legal conten-

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been given to prison officials for mailing. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

3

tions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED